﻿Citation Nr: AXXXXXXXX
Decision Date: 03/31/21 Archive Date: 03/31/21

DOCKET NO. 200923-125063
DATE: March 31, 2021

REMANDED

Entitlement to service connection for a disability manifested by pain of the left knee and other joints is remanded.

Entitlement to service connection for a disability manifested by low back pain is remanded.

Entitlement to service connection for a disability other than pes planus manifested by pain of the right foot and heel is remanded.

Entitlement to service connection for hypertension, to include as due to in-service exposure to an herbicide agent, is remanded.

Entitlement to service connection for squamous cell carcinoma of the maxillary sinus, to include as due to in-service exposure to an herbicide agent, is remanded.

REASONS FOR REMAND

The Veteran served on active duty in the United States Army from January 1966 to January 1969, to include in the Republic of Vietnam. 

This matter comes to the Board of Veterans' Appeals (Board) from February 2010 and December 2012 rating decisions by a Department of Veterans Affairs (VA) Regional Office (RO) of the Veterans Benefits Administration (VBA), which is the Agency of Original Jurisdiction (AOJ). The Veteran expressed timely disagreement with this determination, initiating an appeal within VA’s “legacy” appeal system. 

In his substantive appeals to the Board, the Veteran requested to participate in a Board hearing conducted by a Veterans Law Judge (VLJ) via videoconferencing equipment. However, after he was notified such a hearing had been scheduled, the Veteran conveyed that he no longer wished to participate in such a hearing. As such, the Veteran’s prior requests for a Board hearing are deemed withdrawn, and the Board may continue with appellate consideration of the Veteran’s appealed issues without prejudice to him. 38 C.F.R. § 20.704 (d). 

These appealed issues, among others, were previously before the Board in March 2018 and April 2020, when it was determined that remand was necessary in order to ensure that VA fulfilled its duty to assist the Veteran in substantiating his appealed issues. 

In September 2020, the AOJ issued a Supplemental Statement of the Case (SSOC) which continued to deny the five appealed issues subject to the Board’s April 2020 remand. On September 23, 2020, the Veteran submitted an election to continue his appeal of these issues under the Appeals Modernization Act (AMA) via the Board’s Direct Review docket. Unfortunately, due to a delay in uploading this submission into the Veteran's VA file, it was not reviewable by the Board, which, in a decision date stamped December 11, 2020, remanded these same issues to the AOJ for additional development. 

To correct the above procedural error, the Board issued decisions in February 2021 and March 2021 which vacated the December 2020 remand of these issues. The Board subsequently re-docketed these appealed issues in the Direct Review docket under the AMA. This action is being promulgated as per the Veteran’s wishes expressed in the September 2020 VA Form 10182. 

1. Entitlement to service connection for a disability manifested by pain of the left knee and other joints is remanded.

2. Entitlement to service connection for a disability manifested by low back pain is remanded.

3. Entitlement to service connection for a disability other than pes planus manifested by pain of the right foot and heel is remanded.

In the April 2020 remand, the Board determined that additional VA opinions were necessary to address the nature and etiology of the Veteran’s claimed disabilities of the left knee, right foot, low back, and other joints, under the applicable regulations, statutes, and case law. Due to health concerns stemming from the pandemic, medical opinions were obtained in July 2020 without the benefit of an in-person physical examination. 

The clinician who provided the July 2020 VA opinions did not identify the specific disabilities of the Veteran’s left knee, right foot, low back, and other joints, or comment on whether his reports of left knee, right foot, low back, and joint pain, resulted in functional impairment qualifying as a “disability” for the purpose of establishing service connection, as per the Federal Circuit’s holding in Saunders v. Wilkie, 886 F.3d 1356 (Fed. Cir. 2018). Further, the nexus opinions offered by the July 2020 VA examiner appear to be premised on the belief that direct service connection may only be established for “chronic” disabilities which are diagnosed during active duty, which is contrary to several subsections of 38 C.F.R. § 3.303. 

For the reasons stated above, the Board concludes that the July 2020 opinions are inadequate for the purpose of readjudicating the Veteran’s appealed issues. Further, the AOJ’s failure to ensure the adequacy of these opinions prior to readjudicating the Veteran’s appealed issues in the September 2020 SSOC represents a pre-decisional error in the duty to assist that must be corrected on remand. 

4. Entitlement to service connection for hypertension, to include as due to in-service exposure to an herbicide agent, is remanded.

5. Entitlement to service connection for squamous cell carcinoma of the maxillary sinus, to include as due to in-service exposure to an herbicide agent, is remanded.

Consequent to the Board’s August 2020 remand, VA opinions addressing the etiology of the Veteran’s hypertension and squamous cell carcinoma of the maxillary sinus were obtained by the AOJ in July 2020. 

In providing unfavorable opinions, the VA clinician did not address medical treatise evidence submitted by the Veteran which alludes to a causative relationships between the Veteran’s hypertension and maxillary sinus cancer to his presumed in-service exposure to an herbicide agent and/or service in Southwest Asia, respectively. Further, the July 2020 opinion regarding the etiology of his maxillary sinus cancer was premised on the belief that the Veteran’s post-service employment with Exxon and in a steel mill included exposure to toxins. However, the Veteran clarified in August 2020 that his post-service job duties did not include such exposures, as he worked in an office environment as a purchasing agent and contract negotiator. To that extent, it appears that this opinion was based on an inaccurate factual premise.

For the reasons stated above, the Board concludes that the July 2020 opinions are inadequate for the purpose of readjudicating the Veteran’s appealed issues. Further, the AOJ’s failure to ensure the adequacy of these opinions prior to readjudicating the Veteran’s appealed issues in the September 2020 SSOC represents a pre-decisional error in the duty to assist that must be corrected on remand. 

The matters are REMANDED for the following actions:

1. The AOJ must request that the Veteran be scheduled for an appropriate VA examination to determine the nature and etiology of his hypertension, squamous cell carcinoma of the maxillary sinus, and any disability manifested by low back, right foot, and left knee/leg and other joint pain. The examiner is requested to review all pertinent records associated with the file, including the Veteran's service treatment records, post-service medical records, and lay statements.

Thereafter, the examiner should address the following:

a. Provide an opinion concerning whether the Veteran’s squamous cell carcinoma of the maxillary sinus was at least as likely as not proximately due to or the result of any incident of service, to include his presumed exposure to an herbicide agent.

*In addressing the above, the examiner is requested to review the medical treatise evidence submitted by the Veteran in July 2013 and fully discuss whether the Veteran’s service in Southeast Asia increased his chances of developing this specific type of cancer later in life.

b. Provide an opinion concerning whether the Veteran’s hypertension is at least as likely as not proximately due to or the result of any incident of service, to include his presumed exposure to an herbicide agent.

*In addressing the above, the examiner is requested to fully discuss the legally inadequate diagnosis of hypertension upon service entrance in January 1966 and comment on whether his in-service elevated blood pressure readings represent early manifestations of hypertension. Also, the examiner is on notice that VA’s exclusion of hypertension from the list of diseases presumed to be caused by in-service herbicide exposure is not dispositive of this matter.

c. Identify any disability/disabilities involving the Veteran’s thoracolumbar spine, right foot, and left knee/leg and other joints.

*In addressing the above, the examiner must discuss the Veteran’s prior provisional diagnosis of plantar fasciitis of the right foot.

d. State an approximate date of onset (month and year) for any disability identified in part (c). 

e. For each disability identified in part (c), state an opinion as to whether such is at least as likely as not proximately due to or the result of any incident of the Veteran’s service.

f. If the Veteran’s reported low back, right foot, and/or left knee/leg and other joint pain are not found to be manifestations of any disability (service-connected or otherwise), please describe the functional impairment resulting from such. In doing so, the examiner is requested, to the extent possible, to describe any and all functional impairment stemming from the Veteran’s low back, right foot, and left knee/leg pain and other joint pain on his ability to stand, walk, run, stoop, lift objects, bend, and maintain balance.

*In addressing the above, the examiner is on notice that the Veteran is considered competent and credible to report experiencing pain in his low back, right foot, and left knee/leg and other joint pain, and such evidence may not be discounted for the sole reason that it is not reflected in the medical evidence.

If the examiner cannot provide an opinion without resorting to mere speculation, this should be so stated along with supporting rationale. In so doing, the examiner shall explain whether the inability to provide a more definitive opinion is the result of a need for additional information, or that he or she has exhausted the limits of current medical knowledge in providing an answer to the particular question.

2. Thereafter, the AOJ must readjudicate the issues remaining on appeal. If any benefit is not granted to the fullest extent, the Veteran and his representative must be furnished with a copy of this readjudication and be afforded an appropriate opportunity to respond.

 

 

Michael J. Skaltsounis

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Scott W. Dale, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.